United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY DAVIS, et al.,<br><br>    Defendants. | No. C-12-04426 DMR<br><br>**ORDER GRANTING IFP APPLICATION AND TRANSFERRING CASE TO THE EASTERN DISTRICT OF CALIFORNIA** |

On August 20, 2012, Plaintiff Devon Bradford filed an application for leave to proceed *in forma pauperis* ("IFP"). [Docket No. 2.] On September 11, 2012, Plaintiff filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636.[1] [Docket No. 5.] A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

---

[1] To the extent that this order may be dispositive, the court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties)).

1  The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he
2  may continue to prosecute his complaint in this Court. According to Plaintiff's complaint, the
3  incident that forms the basis of his complaint took place in Modesto, California in Stanislaus
4  County, and Plaintiff lives in Modesto. Based on Plaintiff's allegations, it appears that the proper
5  venue for this case is the Eastern District of California because that is where "a substantial part of
6  the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[2] When a
7  plaintiff files his or her case in the wrong district, the court must either dismiss the case or transfer it
8  to the District Court in the correct district. *See* 28 U.S.C. § 1406(a).

9  On September 12, 2012, the court issued an Order to Show Cause why the case should not be
10 transferred to the Eastern District of California and ordered Plaintiff to show legal authority for
11 venue in this district by no later than September 26, 2012. [Docket No. 6.] Plaintiff did not
12 respond. Accordingly, the court hereby orders the clerk to transfer this case to the Eastern District
13 of California.

15 IT IS SO ORDERED.

17 Dated: October 17, 2012



DONNA M. RYU
United States Magistrate Judge

---

[2] In his Complaint, Plaintiff states that he is filing under 42 U.S.C. § 1983 and alleges that this Court has federal question jurisdiction over this case. Pursuant to 28 U.S.C. § 1391, a case in which jurisdiction is not based solely on diversity of citizenship may be filed only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).